**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

**UNITED STATES OF AMERICA**
       **Plaintiff**

v.                                                          Case Number 8:98cr59/60

                                                            USM Number 15512-047

**DAWN C. BEVERLIN**
       **Defendant**
                                                            **JENNIFER GILG**

                                                            **Defendant's Attorney**

_____

**JUDGMENT IN A CRIMINAL CASE**
(For Revocation of Probation or Supervised Release)

**THE DEFENDANT** admitted guilt to violation of the mandatory condition which states the defendant shall not commit another federal, state or local crime and standard condition 9 of the term of supervision.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| Violation Number | Nature of Violation | Date Violations Concluded |
|---|---|---|
| 3 | New law violation | April 19, 2006 |
| 5 | New law violation | July 14, 2006 |
| 9 | Associate with person engaged in criminal activity | October 26, 2006 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and *Booker/FanFan* decisions.

Allegations 1,2,4,6,7,8,10 are withdrawn on the motion of the United States .

Following the imposition of sentence, the Court advised the defendant of her right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within ten (10) days of this date.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

                                            Date of Imposition of Sentence:
                                            April 19, 2007

                                            s/ Joseph F. Bataillon
                                            United States District Judge

                                            April 23, 2007

Defendant: Dawn C. Beverlin  Judgment-Page 2 of 7
Case Number: 8:98CR59 & 60

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this _____ day of _____, 20_____.

_____
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the _____ day of _____, 20_____ to _____ with a certified copy of this judgment.

_____
UNITED STATES WARDEN

By: _____

**NOTE: The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt, above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this _____ day of _____, 20____.

_____
UNITED STATES WARDEN

By: _____

Defendant: Dawn C. Beverlin  Judgment-Page 3 of 7
Case Number: 8:98CR59 & 60

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant's current term of supervised release will be extended and shall conclude on October 20, 2007.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page.)  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.  The defendant shall comply with the following additional conditions:

1. Paragraph #8 of the Standard Conditions of Supervision is modified, i.e., instead of merely refraining from excessive use of alcohol, the defendant shall not purchase or possess, use, distribute or administer any alcohol, just the same as any other narcotic or controlled substance.

2. The defendant shall be subject to the search of the defendant's premises, vehicle or person, day or night, with or without a warrant, at the request of the United States Probation officer to determine the presence of alcohol and/or controlled substances, firearms or any other contraband.  Any such items found may be seized by the United States Probation officer.  This condition may be invoked with or without the cooperation of law enforcement officers.

3. The defendant shall attend, pay for and successfully complete any diagnostic evaluation, treatment or counseling program, or approved support groups (e.g., AA/NA) for alcohol and/or controlled substance abuse, as directed by the United States Probation officer.

4. The defendant shall pay restitution in the amount of $10,000.00 to the Clerk of the United States District Court, P.O. Box 129, Omaha, Nebraska 68101.

5. The defendant shall provide the United States Probation officer with access to any requested financial information.

6. Pursuant to 18 U.S.C. § 3583(d), the defendant shall submit to a drug test within fifteen (15) days of release on supervised release and at least two (2) periodic drug tests thereafter to determine whether the defendant is using a controlled substance.  Further, the defendant shall submit to such testing as requested by any United States Probation officer to detect the presence of alcohol or controlled substances in the defendant's body fluids and to determine whether the defendant has used any of those substances.  The defendant shall pay for the collection of urine samples to be tested for the presence of alcohol and/or controlled substances.

7. The defendant shall report to the Supervision Unit of the United States Probation Office for the District of Nebraska between the hours of 8:00 a.m. and 4:30 p.m., 111 South 18th Plaza, Omaha, Nebraska, (402) 661-7550, within seventy-two (72) hours of release from confinement.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1)  the defendant shall not commit another Federal, state or local crime;
2)  the defendant shall not leave the judicial district without the permission of the court or probation officer;
3)  the defendant shall report to the probation officer as directed by the court or the probation officer and shall submit a truthful and complete written report within the first five days of each month;
4)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5)  the defendant shall support his or her dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
6)  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
8)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered or other places as specified by the court;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of the risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirements;
15) the defendant shall not own, possess or control any firearms or ammunition, destructive devices or dangerous weapons;
16) the defendant shall pay any special assessment, fine, or restitution obligation imposed by this judgment that remains unpaid at the commencement of the term of probation or supervised release in accordance with the payment schedule Jof criminal monetary penalties set forth in this judgment; and

17) the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

These conditions are in addition to any other conditions imposed by this Judgment.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

|         | **Assessment** | **Fine** | **Restitution** |
|---------|----------------|----------|-----------------|
| Totals: | $200.00        | $        | $10,000.00      |

If applicable, restitution amount ordered
pursuant to plea agreement. . . . . . . . . . . . .   $

(X)   The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

   (X)   The interest requirement is waived.
   ( )   The interest requirement is modified as follows:

## RESTITUTION

(X)   The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee    | **Total Amount of Loss** | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|------------------|--------------------------|-------------------------------|-----------------------------------------|
| Rosalyn Sumners  | $10,000.00               | $10,000.00                    |                                         |
| **Totals**       | **$10,000.00**           | $10,000.00                    |                                         |

   **Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for Offenses committed on or after September 13, 1994 but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:  (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A   ()   in full immediately; or
B   ()   $_____ immediately, balance due (in accordance with C,D, or E); or
C   ()   not later than _____; or
D   ()   in installments to commence _____ day(s) after the date of this judgment.  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or
E   ()   in _____ (e.g. equal, weekly, monthly, quarterly) installments of $_____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

All financial penalty payments are to be made to the Clerk of Court for the District of Nebraska, 111 South 18th Plaza, #1152, Omaha, NE 68102.

**Special instructions regarding the payment of criminal monetary penalties:**

**The special assessment in the amount of $200.00 has been paid in full.**

**The $10,000.00 in 8:98CR59 in restitution shall be due and payable on a schedule to be determined by the United States Probation Office.  The amount of restitution shall be paid jointly and severally with co-defendant Todd J. Brodersen.  A balance of $7,855.00 remains due and payable**

()   The defendant shall pay the cost of prosecution.

()   The defendant shall pay the following court cost(s):

()   The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalty payments, except those made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

Defendant: Dawn C. Beverlin                                              Judgment-Page 7 of 7
Case Number: 8:98CR59 & 60

---

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk